# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

_____ Division

| | |
|---|---|
| RICO RIVERA | Case No. 23-cv-62034-ALTMAN/Hunt |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| SERGENT MARIN, R (PATR,D8)(PD18288), RODRIGUEZ, E (PATR,U352)(PD19237), KOHLHORST, J.Z. (CID,K2)(PD17635), GARVEY,K.K. (PD18672), WOOLEY, G (PD18197), BLACKWOOD, V.C. (PD18723), BREWSTER, S.C. (PD18651), CROSS, D (PD18979) LT. FRANK FUENTES and ALBERT A. ARENAL of the COCONUT CREEK POLICE DEPARTMENT | Jury Trial: *(check one)* ■ Yes ☐ No |
| *Defendant(s)* | FILED BY ___ D.C.<br>NOV 22 2023<br>ANGELA E. NOBLE<br>CLERK U.S. DIST. CT.<br>S. D. OF FLA. - FT. LAUD. |

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
(Non-Prisoner Complaint)
**Amended**

This is a civil rights action arising under 42 U.S.C. § 1983 seeking redress for the deprivation of fundamental rights guaranteed, *inter alia*, by the United States Constitution and the Florida Declaration of Rights. Plaintiff alleges that the defendants were, at all times relevant to this complaint, acting under the color of law and in their official capacities as officers of the Coconut Creek Police Department.

1.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

## I The Parties to This Complaint

### A. The Plaintiff(s)

1.) RICO RIVERA, *a natural-born Citizen* of the United States of America, and *former* Resident of Coconut Creek, Florida

### B. The Defendant(s)

2.) SERGEANT MARIN,R(PATR,D8)(PD18288), in his *individual capacity* and his *official capacity* as a POLICE SERGEANT of the COCONUT CREEK POLICE DEPARTMENT, 4800 West Copans Road, Coconut Creek, FL 33063

3.) RODRIGUEZ, E (PATR,U352)(PD19237), in his *individual capacity* and his *official capacity* as a POLICE OFFICER of the COCONUT CREEK POLICE DEPARTMENT, 4800 West Copans Road, Coconut Creek, FL 33063

4.) KOHLHORST,J.Z (CID, K2)(PD17635), his *individual capacity* and his *official capacity* as a POLICE OFFICER of the COCONUT CREEK POLICE DEPARTMENT, 4800 West Copans Road, Coconut Creek, FL 33063

5.) GARVEY,K.K (PD18672), in his *individual capacity* and his *official capacity* as a POLICE OFFICER of the COCONUT CREEK POLICE DEPARTMENT, 4800 West Copans Road, Coconut Creek, FL 33063

6.) WOOLLEY, G (PD18197), in his *individual capacity* and his *official capacity* as a POLICE OFFICER of the COCONUT CREEK POLICE DEPARTMENT, 4800 West Copans Road, Coconut Creek, FL 33063

7.) BLACKWOOD, V.C (PD18723), in his *individual capacity* and his *official capacity* as a POLICE OFFICER of the COCONUT CREEK POLICE DEPARTMENT, 4800 West Copans Road, Coconut Creek, FL 33063

8.) BREWSTER, S.C (PD18651), in his *individual capacity* and his *official capacity* as a POLICE OFFICER of the COCONUT CREEK POLICE DEPARTMENT, 4800 West Copans Road, Coconut Creek, FL 33063

9.) CROSS,D (PD18979), in his *individual capacity* and his *official capacity* as a POLICE OFFICER of the COCONUT CREEK POLICE DEPARTMENT, 4800 West Copans Road, Coconut Creek, FL 33063

10.) LT. FRANK FUENTES in his *official capacity* as Lt. of CRIMINAL INVESTIGATIONS SECTION for the COCONUT CREEK POLICE DEPARTMENT, 4800 West Copans Road, Coconut Creek, FL 33063

11.) ALBERT A. ARENAL in his *official capacity* as CHIEF OF POLICE for the COCONUT CREEK POLICE DEPARTMENT, 4800 West Copans Road, Coconut Creek, FL 33063

## II Jurisdiction and Venue:

**12.)** This Court has jurisdiction to hear this complaint pursuant to 28 U.S.C. § 1331(federal question), 28 U.S.C. § 1343 (a)(3) and (4)(civil rights jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction)

**13.)** Venue is Proper in the United States District Court for the Southern District of Florida under 28 U.S.C. § 1391 (b)(2) because the acts or omissions giving rise to the claims herein occurred in this judicial district.

## III Statement Of Facts:

**14.)** Plaintiff R. RIVERA and A.A.R. are both natural born Citizens of the United States of America and at the time of this incident, resided at 3400 West Hillsboro Blvd, Coconut Creek, Florida. A.A.R. is a two year old toddler and the daughter of R.Rivera

**15.)** At all times relevant to this complaint ALL defendants were acting under the color of state and local law. All Defendants either reside in the vicinity of Coconut Creek Florida or, at the very least, were employed by the CCPD.

**16.)** On 02/05/2023 the Plantiff called the CCPD seeking intervention after his ex wife had continuously struck him, ultimately with a weapon, in the presence of minor A.A.R. All of the defendants responded in full uniform to the Plaintiffs home

**17.)** The Coconut Creek Police Officers DO NOT, or at least, DID NOT utilize body worn cameras at the time of the incident stated within this complaint.

**18.)** Upon arrival The Defendants, all male, spoke to the Plaintiffs wife first and then Plaintiff was approached by Officer Rodriguez and Officer Blackwood afterwards. The Plaintiff informed the officers that he would be recording from his iPad for his own safety and Consent was given.

**19.)** The Plaintiff showed defendant Rodriguez and defendant Blackwood a video that was recorded showing his ex wife committing battery that took place in front of A.A.R. Rivera also informed the officers that there were several other recordings from the home monitoring system.

**20.)** After witnessing the footage, officer Rodriguez asked Rivera what he would like to do about it. The Plaintiff affirmatively stated that he wanted to file charges against his wife due to her continuous disregard for getting physical in front of A.A.R.

**21.)** Officer Blackwood immediately interjected and told the Plaintiff that he could not file any charges for the battery.

**22.)** The Petitioner stated on three occasions that he wanted to pursue charges for the battery and was denied each time.

23.) Officer Blackwood, then proceeded to tell the Plaintiff to leave his Residence and maliciously threatened that if he did not, *they* would "fabricate evidence and make it to a point" to support a false arrest or Domestic Violence against the plaintiff. Officer Blackwood boldly and with audacity, made the threat while being recorded.

24.) Defendant Blackwood, Defendant Garvey and Defendant Kohlhorst further tried to provoke fear by making threats of taking the Plaintiff's daughter into custody

25.) All of the Defendants were present as one unit when the situation occurred, along with one supervisor, SGT.MARIN, who condoned, ratified and supported this manifestly illegal conduct

26.) In their official capacities, the defendants were asserting an obligation for the plaintiff to leave his residence, an obligation that he had no obligation, under any law, to comply with.

27.) Plaintiff R.R., male, had committed absolutely no wrong doing and the defendants could not at any point legally arrest him or charge him. At no point did the officers have any justifiable means for their conduct throughout the investigation. Therefore, without, justifiable reason, The Plaintiffs should have received equal treatment according to law as any other "victim" of violence would have. Instead he was subjected to illegal bias policing, racial and gender profiling

28.) The Petitioner rightfully refused to leave the residence because he had not acted in any way to justify making him leave. The defendants had in fact **only** observed the petitioners ex wife committing battery with a weapon in front of a minor and when asked to see the home video she did not cooperate.

29.) The defendants took offense when the petitioner refused to leave his residence as they instructed and as a result the ensuing led to further misconduct.

30.) The defendants did not arrest the petitioners ex wife nor did they require her to show cause for her actions or follow the same policy as a similarly situated incident of battery with a weapon.

31.) In response for refusing to leave his residence, the defendants told the respondents ex wife to get "her" baby, *after committing the act in front of her,* and informed her that if she goes to file for a restraining order that they will "help her". In other words they would solicit her in getting the Plaintiff to leave the residence if she were to lie to get a temporary injunction.

32.) The defendants conspired with a private individual to support a false domestic violence claim.

33.) The defendant's instructed the Petitioner to step to the side and allowed his ex wife to take AAR from the home and his ex wife proceeded to do exactly as the officers said to her. She filed for a false domestic violence report which she even swears to the officers offering their gratitude to her in the report.

34.) Officer Rodriguez wrote a false police report to cover up their actions and assist in a false Domestic Violence conviction. This report was supported by all of the defendants and approved by the superior officer.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

**35.)** The Plaintiff was served a temporary injunction and was forced to leave his home and separated from AAR for six months. He also had to litigate the falsely supported claims that included two days of trial.

**36.)** The Plaintiff filed a complaint with CCPD internal affairs investigation division on 04/26/23 about the incident.

**37.)** All claims against the plaintiff were ultimately dismissed at trial on 08/30/2023

**38.)** On 09/28/2023 the CCPD investigation concluded holding that allegations against officer Blackwood were sustained.

## Count 1
## Fourteenth Amendment
## equal protection
## (42 U.S.C. § 1983)
### Punitive Damages, Compensatory Damages and Declaratory Judgement

**39.)** This is a claim against all defendants.

**40.)** Wherefore the ongoing allegations are re alledged and incorporated herein

**41.)** 18 U.S.C. § 241 makes it unlawful for two or more persons to agree to injure, threaten or intimidate a person in the US in the free exercise or enjoyment of any right or privilege secured by the constitution or laws of the U.S. or because of him having exercised such a right.

**42.)** Defendants Blackwood, Garvey and Kohlhorst threatened the plaintiff with fabricated evidence, false imprisonment and to remove his child from the home if he did not leave his residence even though Rivera had committed no wrong doing and the officers, in actuality, observed a recording of the plaintiff and AAR as the victim's of battery.

**43.)** Defandants consistently afforded lesser protection because the victim of the battery was a male.

**44.)** Defendants willfully and wantonly deprived the Plaintiff of his fourteenth amendment his rights to "equal protection under the laws.

**45.)** At all times relevant hereto, The Defendants acted with malice, recklessness and total and deliberate disregard for the Constitutional rights of both Plantiffs'.

**46.)** Defendants did not afford the plaintiff notice of his legal rights and remedies for domestic violence nor did they follow any of the procedures required by Fl Statute 741.29 which outlines the procedures to be taken by law enforcement officers who investigate incidents of domestic violence.

**47.)** The Defendants plaintiff was afforded lesser protection due to biased policing and because the battery with a weapon was a domestic dispute and the victim was a man.

**48.)** The Defendants threatened the Plaintiff. Any reasonable officer knows or should have known that in a similarly situated incident, they can not threaten of a victim of battery with false imprisonment and fabricated evidence.

**49.)** Any reasonable officer knows or should have known that in a similarly situated incident, they can not fabricate official document and conspire with a private individual to violate due process of a victim of battery by lying and supporting a claim stating that he was observed comitting violence in which he was not.

**50.)** Per previously and clearly established case law, the defendants are liable under section 1983 if he is intentionally treated differently than others similarly situated and there is no rational basis for the disparate treatment. There was none.

**51.)** Officer Kohlhorst told the plaintiff that he didn't even want to view the video that showed the battery that took place, simply because the Plaintiff was the victim of battery and not the perpetrator. The defendants did not follow the preferred arrest policy or even require an explanation from the actual perpetrator of the battery.

**52.)** Defendants denied the Plaintiffs right to file charges for the battery and proceeded to attempt to frame him for the violence that was committed against him.

**53.)** Defendants allowed and condoned the real perpetrator to commit a violent act against the Plaintiff. After they had witnessed the violence take place in front of a minor, they allowed the perpetrator take that very same minor from the scene.

## Count 2
## Failing to intervene
## (42 U.S.C. § 1983)(42 U.S.C § 1986)
**Punitive Damages, Compensatory Damages and Declaratory Judgement**

**54.)** Plaintiff RR brings this claim against defendants Rodriguez, Kohlhorst, Garvey, Wooley, Brewster and Cross.

**55.)** Wherefore the ongoing allegations are re alledged and incorporated herein

**56.)** When an officer is present and fails to intervene to prevent law enforcement officers from violating a persons Constitutional rights and the officer knows about the unlawful conduct and has a realistic opportunity to intervene and prevent the harm from occurring, they are liable under §1983 -*byrd v brishke*

**57.)** Defendants Rodriguez, Kohlhorst, Garvey, Wooley, Brewster and Cross were present and observed the threat made by officer Blackwood. None of the defendants intervened to stop or correct the misconduct they observed, instead they condoned, agreed and endorsed their fellow officer with Defendants Garvey and Kohlhorst making further threats to the Plaintiff.

**58.)** All of the Defendants knew excessive force was used, that the plaintiff was being unequally treated, and that the plaintiff was going to face unjustifiable prosecution as a result of the manifest illegal conduct and all defendants were obligated to interfere. They did not, they all either reinforced the misconduct or simply stood there in agreement, even when Blackwood and Garvey used the term "We" in the recording, in which is referencing the defendants as one unit. None of the defendants excluded themselves from "We"

# Count 3
# Liability in connection of another~Supervisory Official
# (42 U.S.C. § 1983)
**Punitive Damages, Compensatory Damages and Declaratory Judgement**

**59.)** This is a claim against all Sergean Marin.

**60.)** Wherefore the ongoing allegations are re alledged and incorporated herein

**61.)** Sgt. Marin was, in full police uniform, present at the scene and was the Senior officer and Supervisor over all of the other defendants during this incident.

**62.)** Sgt. Marin directly observed his subordinates misconduct and therefore had actual knowledge of his subordinates actions that violated the plantiffs Constitutional Rights.

**63.)** Sgt. Marin had the duty to and the ability to interfere and correct his subordinates to prevent the Constitutional violations and prevent any furtherance thereof.

**64.)** Sgt. Marin did neither. Instead he acquiesced in the violations by simply standing there and agreeing, neither stopping or correcting his subordinates, turning a blind eye, thus furthering and encouraging the police misconduct and all claims stated in this complaint.

# Count 4
## Falsifying police report and other evidence
## (42 U.S.C. § 1983)
### Punitive Damages, Compensatory Damages and Declaratory Judgement

**65.)** This claim is against all defendants.

**66.)** Wherefore the ongoing allegations are re alledged and incorporated herein.

**67.)** The defendants lied on the report stating that they were unable to determine the primary aggressor due to lack of evidence, conflicting stories and no independent witnesses. The defendants clearly and positively witnessed the plaintiffs ex wife committing battery with a weapon and the plaintiff asked the officers numerous times to watch the home surveillance which had recorded before, during and after the battery that they witnessed from the plaintiffs cell phone video.

**68.)** The defendants lied on the official report by stating that they observed physical violence occurring between **both** the plaintiff and the actual perpetrator. This is a blatant lie. The Defendants had absolutely no evidence and had not observed the Plaintiff commit any violence. The Defendants **only** observed the plaintiff being hit with a weapon in front of minor AAR. The Defendants state in their report that Child Protective Services was also notified and given the false information that the defendants witnessed both parties committing violence.

**69.)** The defendants lied stating on their police report that the plaintiff stole all of his ex wife's belongings from the home yet the Plaintiff is on video with the defendants begging them to go in the home, to search the home and to view the surveillance footage.

**70.)** Defendants convened and intentionally Falsified the police report. The Defendants prepared the police report with knowledge that it would be used subvert the legal process surrounding the domestic violence issue. The report was submitted by defendant Rodriguez and approved by Sgt. Marin.

**71.)** All of the defendants obstructed justice in order to cover up their mistake, attempt to justify their misconduct and to try to build a strong case against the plaintiff to be wrongfully convicted.

**72.)** All defendants obstructed justice for the Plaintiff, R.RIVERA, in two separate ways. The first being, his rights to seek equal justice for the crime that was committed against him. The second being his rights to a fair trial in the domestic violence case that ensued which was completely fabricated against the plaintiff and attempted to be supported by false police evidence.

**73.)** Any reasonable officer should have known that it is unconstitutional to lie on an official document in order to fabricate a claim against a citizen that committed no wrongdoing.

## Count 5
## Conspiring with a private individual to interfere with Civil Rights
## (42 U.S.C. § 1983)(42 U.S.C. § 1985)(3)(42 U.S.C. § 1986)
### Punitive Damages, Compensatory Damages and Declaratory Judgement

74.) This claim is against all defendants.

75.) Wherefore going allegations are re alledged and incorporated herein.

76.) 18 U.S.C. § 241 makes it unlawful for two or more persons to agree to injure, threaten or intimidate a person in the US in the free exercise or enjoyment of any right or privilege secured by the constitution or laws of the U.S. or because of him having exercised such a right.

77.) Title 42 USC § 1983 provides in relevant part that:
Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State... subjects or causes to be subjected, any citizen of the United States... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

78.) Title 42 USC § 1985(3) provides in relevant part that:
If two or more persons in any State or Territory conspire... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of privileges and immunities under the laws... in any case of conspiracy set forth in this sectio, if one or more persons engaged therein do, or cause to be done any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more or the conspirators.

79.) Title 42 USC § 1986 provides in relevant part that:
Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committe, shall be liable to the party injured, or his legal representative, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and Amy number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action.

80.)    The Defendants conspired with the Plaintiffs ex wife to wrongfully remove the plaintiff from his home and deprive him of his right to be in his residence with After witnessing video evidence of the Petitioners ex wife committing Domestic Battery, *with a weapon,* in front of their minor child, they deliberately chose to permit the battery by turning a blind eye and refusing to arrest or even allow plaintiff to to file charges for the action committed against he and AAR.

81.)    The Defendants overtly provided significant encouragement, to the plaintiffs ex wife by threatening the plaintiff with false imprisonment and false prosecution in order to instill fear into the plaintiff and force him out of his home.

82.)    The Defendant's conspired with the plaintiffs ex wife to maliciously and wrongfully prosecute the plaintiff violence that he did not commit.

83.)    The Defendants provided significant encouragement, overtly and covertly, to the plaintiffs ex wife by telling her to file for a false domestic violence injunction stating " *go file for a restraining order and they would help her.*"

84.)    The co conspirator acted in concert with defendants and furthered the agreement when she followed their lead by filing for a false domestic violence injunction exactly as they instructed. This action was reasonably foreseen by the defendants. The co conspirator even swore to the exact statement- that they told her they would help her-on her request for an injunction.

85.)    The Defendant's conspired with the plaintiffs ex wife to violate the plaintiffs right to due process and to deprive him of his property.

86.)    The Defendants agreed, along with supervisor SGT marin, to fabricate the police report to make it appear as if they had witnessed the plaintiff commit violence . At no point did defendants witness any crime committed by the plaintiff against neither the plaintiffs ex wife nor AAR or any violations of law

87.)    All defendants acted in concert and solicited the plaintiffs ex wife in depriving the plaintiff of his right to fair trial and due process by falsifying the police report and creating the framework necessary to deceive the courts and manipulate the judicial process in a way that would make the court believe that the Plaintiff was the perpetrator of domestic violence. This action taken by the defendants was their way of making the conspiracy complete. It was the defendants way of attempting to support and solidify the co conspirators fabricated claims by abusing their credit and authority to carry out the crime. Furthermore, the plaintiff alleges that the defendants conspired to deprive him of equal protection under the laws and Due Process by not allowing the plaintiff to file charges of battery when the battery clearly occurred-nor did they even acknowledge it or hold the perpetrator accountable. Instead the defendants joined her.

**88.)** The Defendant's conspired with the plaintiffs ex wife to interfere with the plaintiffs rights to custody of AAR.

**89.)** Defendants did so and provided further encouragement for the conspiracy by instructing the plaintiffs *ex wife* and allowing her to take the parties daughter, AAR with **her** until **she** gets a domestic violence injunction granted, *in spite of the fact that they witnessed* **her** *commit battery against the plaintiff in front AAR,* **not the other way around.** Therefore, the petitioners ex wife acted with the help of the defendants. And this instruction by the defendants was yet another action to make the conspiracy a reality.

**90.)** Afterwards, the injunction was in fact granted and served on the plaintiff by the CCPD. The order stated that the Plaintiff be removed from the residence. It stated that AAR remain with the person who committed the violence in front of her. It stated that the Plaintiff, in his innocence of any wrongdoing, shall not come near AAR, his residence, his wife, place of work and shared business.

**91.)** As a result, the judicial process began and lasted for six months and twenty-eight days. During that period the plaintiff was separated from AAR and faced the reality and burden of having to litigate, *pro se,* this falsely constructed injunction for domestic violence. The injunction was ultimately dismissed after two days in trial and the obvious was proven. The damage had been done and in respect to custody, the plaintiff, innocent and accused, was made homeless and separated from AAR for nearly seven months, while AAR remained with the plaintiff's ex wife whom was guilty and solicited. Providing an intentional, obvious foreseen and significant disadvantage and interference to the plaintiffs rights to custody of AAR, his residence and business.

**92.)** To include all of the aforementioned, The Defendants Conspired with a private individual to violate the plaintiff's fourth amendment to be free of continuing seizure and pre trial deprivation, Excessive force and to violate the plaintiff's fourteenth amendment to be free from malicious prosecution.

**93.)** The Defendants created the foundation for the conspiracy. All of their actions and misconduct resulted from the defendants exercise of coercive power and forms of coercion made to stimulate an outcome based on fabricated evidence and the false claims in which it supports.

## Count 6
### Fourth Amendment~continuing seizure
### (42 U.S.C. § 1983)
**Punitive Damages, Compensatory Damages and Declaratory Judgement**

94.) Wherefore going allegations are re alledged and incorporated herein.

95.) This claim is brought forth against all defendants.

96.) The plaintiff suffered pre trial deprivation under the 4th amendment. The plaintiffs "fair trial" rights were violated when the CCPD did not disclose exculpatory evidence that would have and could have exonerated the petitioner instead of subjecting him to seven months of undue litigation. This claim is supported by clearly established in prior case law

97.) The plaintiff filed a complaint with the CCPD internal affairs investigations unit within one month of the incident, providing them with videos and other supporting evidence of the claim of their officer's collective behavior. The CCPD investigation concluded on 09/08/2023 stating that at least one of the officers was liable and the plaintiffs allegations were sustained. However, the CCPD concealed the undoubtable exculpatory evidence and allowed the fabricated trial to continue to its completion even though they had evidence of the truth and that their officers had taken part in allowing the process to make it that far.

98.) The plaintiff suffered pre trial deprivation under the 4th amendment "continuing seizure". The plaintiff was continually seized for a period of nearly seven months before his innocence was proven and he was allowed contact with his daughter AAR. The defendants knew that, as an obvious result of their misconduct the plaintiff would face this period of pre trial deprivation. That the plaintiff would be forced out and faced to fight the judicial system for however long that requires. the defendants and the CCPD could have, at any moment, prevented any further injustice but chose to let the trial continue and subject the plaintiff to defend the fabricated case.

## Count 7
### Fourth Amendment~excessive force
### (42 U.S.C. § 1983)
**Punitive Damages, Compensatory Damages and Declaratory Judgement**

99.) This is a claim against defendants

100.) Wherefore going allegations are re alledged and incorporated herein.

101.) Police officers may be held liable under section 1983 when they use more force than necessary in relation to the need present.

102.) Plaintiff did not, at any time, pose a threat to the defendants or the safety of others.

103.) Plaintiff, RICO RIVERA, contacted the C.C.P.D. because he was a victim of domestic battery, with a weapon, that occurred in front of his minor daughter A.A.R. Their relentless misconduct was unnecessary in relation to the need presented to them.

104.) Instead of assisting the plaintiff, the defendants, maliciously and consciously threatened the plaintiff with false imprisonment and conspiracy.

105.) The defendants actually conspired with a private individual to falsely convict the plaintiff of domestic violence and take his daughter from him, they fabricated evidence to support the conspiracy, they denied him of equal protection, due process, his home, his child, and subjected him to malicious prosecution and continuing seizure, defaming his character for something that he did not commit all while knowing he was the one that the violence was committed against.

106.) The weight of the amount of force used was unnecessary and the malicious motives of the officers involved are the direct cause as to the extent of the injuries sustained by the plaintiff.

107.) The defendants exerted excessive force and they directed that excessive force towards the plaintiff.

108.) The Defendants made a very real threat with severe life threatening consequences towards the plaintiff that has instilled a fear of the plaintiff to return to the City of Coconut Creek Florida.

109.) The defendants orchestrated and carried out the threat

110.) This was done to intimidate plaintiff so that he would not exercise, or to punish him from exercise his right to pursue charges against the perpetrator of the battery. It was also because the plaintiff refused to leave his residence as the officers gave him an ultimatum.

111.) By invoking his constitutional right to not be forced out of home, the plaintiff offended the defendants after not succumbing to their threats. the ensuing of this led to a separation of he and his daughter for over six months and unreasonably having to litigate a falsified domestic violence case that had been tainted with due process violations, falsified police documents and fabricated evidence set in place to support a conspiracy in order to permanently separate plaintiff RR from his home and from his daughter AAR.

112.) Per Section 242 Title 18 U.S.C. Police officers may not maliciously threaten any citizen to deprive them of their Constitutional Right.

113.) Every person has the constitutional right not to be subjected to excessive force by police officer.

**114.)** The defendants intentionally applied more force than necessary violating the plaintiffs fourth amendment.

## Count 8
## Fourteenth Amendment~Malicious Prosecution as undue process
## (42 U.S.C. § 1983)
**Punitive Damages, Compensatory Damages and Declaratory Judgement**

**115.)** This claim is against all defendants

**116.)** Wherefore going allegations are re alledged and incorporated herein.

**117.)** The defendants intentionally initiated prosecution for domestic violence against the plaintiff through his ex wife, misusing the legal machinery of Florida for an improper purpose by wrongfully commencing a judicial proceeding, in spite of the fact that they did not have probable cause to do so and had witnessed evidence demonstrating the contrary.

**118.)** The defendants was forced to deal with and absorb the entire process of the prosecution. The trial began on 05/31/2023 and the domestic injunction was ultimately dismissed at its conclusion on 08/30/2023. Based upon evidence.

**119.)** Per previously and clearly established case law, the defendants are liable under 42 usc 1983 for violation of due process under the 14th Amendment of the United States Constitution for the initiation of malicious prosecution even if the proceedings end favorably for the plaintiff.

## Count 9
## Fourteenth Amendment~Due Process
## failure to arrest
## (42 U.S.C. § 1983)
**Punitive Damages, Compensatory Damages and Declaratory Judgement**

**120.)** This claim is against all defendants

**121.)** Wherefore going allegations are re alledged and incorporated herein.

**122.)** The defendants refused to allow plaintiff to pursue charges for the battery committed against him. They did not arrest or provide the plaintiff with any assistance, thus interfering with his rights to a legal remedy.

**123.)** The defendants enhanced the plaintiffs level of danger by failing to arrest the batterer, validating the batterers actions.

**124.)** The defendants created a new level of danger by soliciting the batterer and creating the circumstances favorable to her and intentionally interfering with the judicial process.

**125.)** The Defendants not follow the preferred arrest procedures that govern the CCPD

**126.)** Mental and emotional distress caused by denial of procedural due process is actionable under 1983  *carey v pipus—- Kentucky v graham*

# Count 10
## Fourteenth Amendment~Due Process
## disclosure of exculpatory evidence
## (42 U.S.C. § 1983)
### Punitive Damages, Compensatory Damages and Declaratory Judgement

**127.)** This claim is against Lt. Frank Fuentes and Albert A. Arenal.

**128.)** Due process requires that the disclosure of exculpatory information and evidence be made in sufficient time and in advance of trial in order to permit a defendant to make effective use of that information at trial.

**129.)** Both chose to allow the miscarriage of justice to continue for the plaintiff and allow the plaintiff to face trial labeled as the perpetrator of domestic violence when they had evidence that this was untrue.

**130.)** An Investigation into the defendants misconduct was led by Lt. Fuentes on 04/21/2023 after the plaintiff filed a complaint with the department about the officers conduct. During this investigation Lt Fuentes received exculpatory evidence material that proved the plaintiffs innocence and that the plaintiff was, in respect to the laws, the victim of domestic violence as well as A.A.R. and that the other defendants did not see the plaintiff comm any act of violence as it is written in the official report. Furthermore Lt. Fuentes received video evidence of the officers threatening to fabricate evidence against the plaintiff.

**131.)** A. Arenal, the police chief, also had access to this information and evidence and as his position suggests he is the commander in chief who ultimately views, approves and finalizes an investigation such as this. Both Lt. Fuentes and A.Arenal were well aware that the plaintiff had been improperly placed under a domestic violence injunction.

**132.)** Because the police are just as much an arm of the state as a prosecutor, they inflict the same constitutional injury when they hide, conceal, destroy, or even fail to disclose exculpatory information. The police play a unique and significant role in the process and are thus bound by the government's obligation to ensure that a miscarriage of justice does not occur. *All of which has been clearly established in prior case law.* Neither Lt. Fuentes nor A. Arenal did anything to ensure its non occurrence and the plaintiff stood trial for domestic violence in the position of and labeled as a perpetrator of domestic violence which is an absolute falsehood. The plaintiff, pro se, was left to explain and demonstrate that the police, all of them, had lied.

**133.)** Neither of the defendants disclosed the the truth to Child Protective Services clarifying that what the officers wrote in their report was false and that they never witnessed the plaintiff commit any act whatsoever in front of AAR

**134.)** The injunction was dismissed 7 months later after the plaintiff underwent two days of trial and the obvious was proven.

**135.)** The CCPD internal affairs investigations concluded after 7 months finding that only accusations against officer Blackwood were sustained . He received 1 day suspension,

## IV.     Injury

**134.)** The plaintiff suffered pre trial deprivation after being served an injunction that was ordered based on the conspiracy. The Plaintiff was forced to leave his residence and was not allowed to return until nearly seven months later when the lie was uncovered and the injunction was dismissed.

**135.)** The Plaintiff suffered psychological damage and undue stress for having to litigate the false claims made against him.

**136.)** The Plaintiff suffered psychological and emotional damage for being separated from his daughter for 7 months awaiting trial.

**137.)** The Plaintiff's daughter suffered psychological and emotional damage for being separated from the plaintiff for 7 months awaiting trial.

**138.)** The Plaintiff's lost seven months of income and faced difficulties obtaining employment due to him being forced out of his home and being forced out of state.

**139.)** The Plaintiff was ordered to stay away from the business that he shared with his ex wife after the conspiracy. The plaintiff returned after trial only to observe that the business that was left in the hands of the true perpetrator is now in ruins.

**140.)** The Plaintiff's reputation was tarnished and his character was defamed in all aspects of his child's life from daycare to neighbors, friends and family. After the conspiracy the Plaintiff was falsely labeled as a perpetrator of violence.

**141.)** The Plaintiff's lost job opportunities because of the false allegations

**142.)** The Plaintiff's suffers psychologically from the fear of returning to Coconut Creek Fl. The plaintiff can no longer live or be in Coconut Creek Fl without distress or fear and was ultimately forced away from where he once lived and where his daughter resides.

**143.)** The Plaintiff continues to suffer mentally as he is now currently at a severe disadvantage for the custody because of the inappropriate separation of her and the plaintiff and the fact that she resided, and still resides, for the past seven months in the city of Coconut Creek.

**144.)** The plaintiffs daughter has suffered from the intentional acts of the defendants in that two months after the incident on 02/05/2023, AAR, 3 years old, was removed from her gymnastics class for hitting another child exactly as she observed on 02/05/2023. This was the result of the defendant's solicitation and contribution to the delinquency of a minor. This is also why In the state of Florida it is a customary practice that if a child witnesses someone commit an act of violence, the authorities need not place that minor in the care of the perpetrator. However, in this case that is what was done, giving validation to AAR and quickly manifesting the same behaviors subjecting her to a cycle of dependency.

**145.)** The relationship between AAR and the plaintiff has been severely strained difficult to repair. Unnecessarily.

## V.      Relief

**146.)** I hereby request the following relief.

**147.)** Judgement for compensatory damages against all defendants in an amount to be determined at trial

**148.)** Judgement for punitive damages against all defendants in an amount to be determined at trial

**149.)** An award of the costs of this action against all defendant, including reasonable attorneys' fees in accordance with 42 U.S.C. § 1988 and/or 18 U.S.C § 1964(c)

**150.)** An order requiring the Coconut Creek police Department to pay any judgement for damages entered against the defendants.

**151.)** An injunction against all defendants.

**152.)** An order Demanding that the CCPD correct the false report that it's officers made to child protective services that states that the officers witnessed the plaintiff commit domestic violence in front of A.A.R.

**153.)** AAR has a constitutional right to equal protection under the law and because she is a minor, 3 years old, should have been entitled to the most jealous of care that no injustice be done to her.

**154.)** The defendants recklessly and callously disregarded her rights to equal protection and put her in the arms of an abuser, an act that another child in a similar situation most certainly would not have been subjected to. The defendants sacrificed AAR in order to cover up their agenda, mask their misconduct and to solicit and conspire with the plaintiffs ex wife in getting a false domestic violence injunction against the plaintiff and interfere with his rights to custody and justice

**155.)** Because AAR is a minor and the Plaintiff, pro se, is not an attorney he is not permitted to represent AAR in her entitlement to her claims.

**156.)** The Plaintiff asks that this court grant a preliminary judgement for reasonable attorneys fees to seek counsel on behalf of the minor child for the constitutional violations in which she is entitled to redress.

Such other and further relief the court deems appropriate.

## VI.    Certificate of Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigatio; (2) is supported by existing law or a by a non frivolous argument for extendin, modifying, or reversing existing law; (3) the factual contentions have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

(5) The CCPD have already agreed in part to claims against one of the defendants after their internal investigation in which he was internally disciplined. The CCPD held none of the other defendants liable.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____11/19/2023_____

Signature of Plaintiff _____[signature]_____

Printed name of Plaintiff _____Rico Rivera_____



FROM: Rico Rivera 23-cv-62034
2016 Sheridan Rd
Madison Heights, MI
USPS

TO:
United States District Court
Southern District of FL
Attention: Clerk of Courts
299 East Broward Blvd
Fort Lauderdale FL 33301