**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 23-CV-62034-ALTMAN/STRAUSS**

**RICO RIVERA,**

Plaintiff,

v.

**SERGEANT MARIN R, *et al.*,**

Defendants.
_________________________________/

**REPORT AND RECOMMENDATION**

THIS MATTER came before the Court upon Defendants' Motion to Dismiss the Amended Complaint ("Motion") [DE 19], which has been referred to me for a report and recommendation [DE 34]. I have reviewed the Motion, the Response [DE 25] and Reply [DE 29] thereto, and the Amended Complaint [DE 10]. For the reasons discussed herein, I respectfully **RECOMMEND** that the Motion [DE 19] be **GRANTED IN PART and DENIED IN PART** and that Counts 2-9 of the Amended Complaint be **DISMISSED**.

**BACKGROUND**[1]

In February 2023, Plaintiff called the Coconut Creek Police Department ("CCPD") after his wife repeatedly struck him, including with a weapon, in the presence of their minor child.

[1] For purposes of considering the Motion, I accept the factual allegations in the Amended Complaint as true and view them in the light most favorable to Plaintiff. *See Cambridge Christian Sch., Inc. v. Fla. High Sch. Athletic Ass'n, Inc.*, 942 F.3d 1215, 1229 (11th Cir. 2019).

Amended Complaint [DE 10] ¶ 16. CCPD officers responded to the call. *Id.* ¶¶ 15-16.[2] After officers spoke with Plaintiff's wife, they spoke with Plaintiff. *Id.* ¶ 18.

When Officers Rodriguez and Blackwood spoke with Plaintiff, Plaintiff showed them a video recording of his wife battering him in front of the child. *Id.* ¶ 19. After viewing the footage, Officer Rodriguez asked Plaintiff what he wanted to do about it, and Plaintiff responded that he wanted to press charges against his wife due to her repeated physical violence in front of the child. *Id.* ¶ 20. However, Officer Blackwood interjected, telling Plaintiff that he could not press charges for the battery. *Id.* ¶ 21. In fact, Plaintiff stated on three occasions that he wanted to press charges but was denied each time. *Id.* ¶ 22.

Thereafter, Officer Blackwood told Plaintiff to leave the residence, threatening – while being recorded – that if Plaintiff did not, officers would fabricate evidence against Plaintiff to support a false arrest or a charge of domestic violence. *Id.* ¶ 23. Officers Blackwood, Garvey, and Kohlhorst also threatened to take Plaintiff's daughter into custody. *Id.* ¶ 24. Although officers made these threats and told Plaintiff that he was obligated to leave the residence, Plaintiff refused to leave since he had not done anything wrong. *Id.* ¶¶ 26-28.

In response to Plaintiff refusing to leave, the officers told Plaintiff's wife that if she filed for a restraining order, they would help her. *Id.* ¶ 31. Officers then allowed Plaintiff's wife to leave the home with the child. *Id.* ¶ 33. Following the incident at Plaintiff's home, Plaintiff's wife filed a "false domestic violence report," and Officer Rodriguez prepared a police report in which he included false information in order to cover up officers' actions at Plaintiff's home. *Id.* ¶ 33-34. Additionally, Plaintiff filed a complaint with CCPD's internal affairs division, and an

[2] From the Amended Complaint, it appears that all of the individual defendants were present at Plaintiff's home at some point with the exception of Chief Arenal and Lt. Fuentes.

investigation concluded that allegations against Officer Blackwood were "sustained." *Id.* ¶¶ 36, 38. Nevertheless, because of the wife's domestic violence report, Plaintiff was served with a temporary injunction, forced to leave the home, separated from his child for six months, and forced to litigate his wife's domestic violence claim, which was ultimately dismissed at trial. *Id.* ¶¶ 35, 37.

Based upon the Defendants' alleged conduct, Plaintiff filed this case against Defendants. Plaintiff's Amended Complaint includes 10 claims under 42 U.S.C. § 1983, with each count styled as follows:

1: Fourteenth Amendment Equal Protection
2: Failing to Intervene
3: Liability in Connection of Another – Supervisory Official
4: Falsifying Police Report and Other Evidence
5: Conspiring with a Private Individual to Interfere with Civil Rights
6: Fourth Amendment – Continuing Seizure
7: Fourth Amendment – Excessive Force
8: Fourteenth Amendment – Malicious Prosecution as Undue Process
9: Fourteenth Amendment – Due Process Failure to Arrest
10: Fourteenth Amendment – Due Process Disclosure of Exculpatory Evidence

The Motion seeks dismissal of Counts 1-9, but it does not address Count 10.

## LEGAL STANDARD

At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679)).

In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). Courts must accept the factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Cambridge Christian Sch.*, 942 F.3d at 1229; *Tims v. LGE Cmty. Credit Union*, 935 F.3d 1228, 1236 (11th Cir. 2019). But "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citation omitted); *see also Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

## ANALYSIS

### A. COUNT 1

In Count 1, Plaintiff brings a § 1983 claim premised upon Defendants' alleged violation of Plaintiff's right to equal protection under the Fourteenth Amendment. "The Equal Protection Clause provides that no state shall 'deny to any person within its jurisdiction the equal protection of the laws.'" *Eknes-Tucker v. Governor of Ala.*, 80 F.4th 1205, 1226 (11th Cir. 2023) (quoting U.S. Const. amend. XIV, § 1). It is "essentially a direction that all persons similarly situated should be treated alike." *Id.* (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)).

As discussed in the background section above, and as further alleged in Count 1, although Plaintiff was the victim of domestic violence, Defendants refused to allow Plaintiff to press charges

and refused to arrest the perpetrator (Plaintiff's wife), and instead, threatened to fabricate evidence against Plaintiff, to falsely arrest Plaintiff, and to take Plaintiff's daughter into custody. [DE 10] ¶¶ 21-24, 42, 48, 52. Defendants also allowed Plaintiff's wife – and not Plaintiff – to take Plaintiff's daughter with her, even though it was the wife who battered Plaintiff. *Id.* ¶¶ 33, 53. Plaintiff alleges that Defendants acted as they did because Plaintiff is male. *Id.* ¶¶ 43, 47.

Although Plaintiff alleges that Defendants discriminated against him because he is male, Defendants' Motion treats Count 1 as if it only alleges a class-of-one equal protection claim rather than discrimination based on Plaintiff's status in a protected class. "A 'class of one' equal protection claim does not allege discrimination against a protected class, but rather asserts that the plaintiff 'has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1306 (11th Cir. 2009) (quoting *Young Apartments, Inc. v. Town of Jupiter, FL*, 529 F.3d 1027, 1032 n.1 (11th Cir. 2008)).

By failing to address Plaintiff's allegations that Defendants discriminated against him because he is male, Defendants have failed to satisfy their burden of showing that Count 1 of the Amended Complaint is subject to dismissal.[3] Significantly, a party seeking dismissal under Rule 12(b)(6) "bears the burden to show that the complaint should be dismissed." *Jimenez v. Holiday*

[3] In their Reply, Defendants do allude to the possibility that Count 1 is raising "an equal protection claim based on a suspect classification" (rather than a class-of-one claim). [DE 29] at 3. However, they merely argue – without elaboration or further development of their argument – that Plaintiff failed to show "disparate treatment in a constitutional [sic] significant manner compared to a similarly situated party" because "verbal harassment, words, and threats are not actionable as constitutional violations." *Id.* (citations omitted). At any rate, even if Defendants had further developed their argument, the fact remains that their Motion did not address Plaintiff's allegations that Defendants discriminated against him *because he is male*, and an argument may not be raised for the first time in a reply. *United States v. Oakley*, 744 F.2d 1553, 1556 (11th Cir. 1984) ("Arguments raised for the first time in a reply brief are not properly before the reviewing court." (citation omitted)).

*CVS, LLC*, No. 22-CV-24242, 2023 WL 4251176, at *3 (S.D. Fla. June 29, 2023) (quoting *Sprint Sols., Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014)); *see also Cohen v. Bd. of Trustees of the Univ. of the D.C.*, 819 F.3d 476, 481 (D.C. Cir. 2016) (recognizing that Rule 12(b)(6) places the burden of persuasion on the moving party). "There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it." *Madinya v. Portfolio Recovery Assocs., LLC*, No. 18-CV-61138, 2018 WL 4510151, at *5 (S.D. Fla. Sept. 20, 2018) (quoting *Resolution Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995)); *see also Clear Spring Prop. & Causalty Co. v. Viking Power LLC*, 608 F. Supp. 3d 1220, 1229 n.3 (S.D. Fla. 2022) (same). Because Defendants have plainly failed to satisfy their burden by not addressing Plaintiff's allegations that Defendants discriminated against him because he is male (i.e., discrimination based on Plaintiff being part of a protected class), the Motion should be denied as to Count 1.

In addition to arguing that Plaintiff has not stated a class-of-one equal protection claim, Defendants contend, in a perfunctory manner (at the end of their argument on Count I), that "[i]n any event, Defendants are entitled to qualified immunity because the conduct alleged as to each in Count 1 does not violate any clearly established statutory or constitutional rights of which a reasonable person would have known." [DE 19] at 7. However, Defendants do not elaborate on,

or develop, their qualified-immunity argument. The Court should not do it for them.[4] Rather, Defendants' request for dismissal on qualified-immunity grounds should be denied.[5]

**B. COUNT 2**

In Count 2, Plaintiff seeks to hold six officers who were present at the scene liable under § 1983 for failing to intervene when Officer Blackwood threatened Plaintiff. *See* [DE 10] ¶ 57. Plaintiff alleges that the officers observed Officer Blackwood's threat but did nothing "to stop or correct the misconduct." *Id.* Additionally, two of the other officers made their own threats. *Id.* Consequently, Plaintiff alleges that "Defendants knew excessive force was used." *Id.* ¶ 58.

As Plaintiff notes in his response, "[i]f a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983." *Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986) (citations omitted). Failure-to-intervene claims generally arise in the realm of

---

[4] *See Resol. Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it . . . . Rather, the onus is upon the parties to formulate arguments." (internal citation omitted)); *see also GS Holistic, LLC v. SAM 2016 Inc.*, No. 22-20855-CIV, 2023 WL 2932038, at *3 (S.D. Fla. Apr. 13, 2023) ("Under the adversary system, it is counsel's responsibility to explain why these points have legal merit; the Court does not serve as counsel's law clerk." (citation omitted)); *Fruitstone v. Spartan Race Inc.*, 464 F. Supp. 3d 1268, 1279 (S.D. Fla. 2020) ("On a Rule 12(b)(6) motion to dismiss, [t]he moving party bears the burden to show that the complaint should be dismissed. The movant must support its arguments for dismissal with citations to legal authority. Where a defendant seeking dismissal of a complaint under Rule 12(b)(6) does not provide legal authority in support of its arguments, it has failed to satisfy its burden of establishing its entitlement to dismissal." (internal citations and quotation marks omitted)); *Burt v. City of Pleasant Grove, Ala.*, No. 2:20-CV-01973-ACA, 2021 WL 4171346, at *13 (N.D. Ala. Sept. 14, 2021) (refusing to consider perfunctory qualified-immunity argument).

[5] Defendants include the same perfunctory qualified-immunity argument when addressing Counts 2-9 of the Motion. As discussed herein, I am recommending that Counts 2-9 be dismissed on other grounds. However, to the extent the Court reaches Defendants' qualified-immunity argument on any of those counts, the Court should likewise deny Defendants' request for dismissal of those counts on qualified-immunity grounds (i.e., because Defendants only raised the argument in a perfunctory manner without any elaboration or development),

excessive force, as "officer[s] can be liable for failing to intervene when another officer uses excessive force." *Baker v. City of Madison, Ala.*, 67 F.4th 1268, 1281 (11th Cir. 2023) (quoting *Priester v. City of Riviera Beach*, 208 F.3d 919, 924 (11th Cir. 2000)).[6] "'An officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force[] can be held liable for his nonfeasance' if that officer 'was in a position to intervene yet failed to do so.'" *Jackson v. City of Atl., Ga.*, 97 F.4th 1343, 1361 (11th Cir. 2024) (quoting *Crenshaw v. Lister*, 556 F.3d 1283, 1293-94 (11th Cir. 2009)).

Here, notwithstanding Plaintiff's conclusory allegation of "excessive force," Plaintiff fails to include factual allegations showing that any officer used *any force*. And there is no "attendant obligation to intervene" when excessive force is not used. *Baker*, 67 F.4th at 1281 (quoting *Crenshaw*, 556 F.3d at 1294); *see also Ireland v. Prummell*, 53 F.4th 1274, 1301 (11th Cir. 2022) ("[A] claim for failure to intervene requires an act of excessive force by the perpetrating officer in the first instance."). Therefore, Count 2 fails to state a claim and must be dismissed.

**C. COUNT 3**

Count 3, which alleges supervisory liability against Sergeant Marin, should be dismissed. "[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Myrick v. Fulton Cnty., Georgia*, 69 F.4th 1277, 1297 (11th Cir. 2023) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)). "Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection

[6] An officer may also be liable for failing to intervene in a false arrest. *See Wilkerson v. Seymour*, 736 F.3d 974, 979-80 (11th Cir. 2013); *Giddens v. Brooks Cnty., Ga.*, No. 21-11755, 2022 WL 836273, at *4 (11th Cir. Mar. 21, 2022). However, Plaintiff was not arrested, and he does not – nor could he – allege that his failure-to-intervene claim is premised upon a false arrest.

between the actions of a supervising official and the alleged constitutional deprivation." *Id.* (quoting *Cottone*, 326 F.3d at 1360).

In the Amended Complaint, Plaintiff does not appear to allege personal participation by Sergeant Marin or a causal connection between Sergeant Marin's actions and the alleged constitutional deprivation. Rather, in Count 3, Plaintiff merely alleges that Sergeant Marin was present at the scene, was the supervisor of the other Defendants who were present, and "acquiesced in the violations by simply standing there and agreeing, neither stopping or correcting his subordinates, turning a blind eye . . . ." [DE 10] ¶¶ 61-64. What Plaintiff appears to be alleging is that Sergeant Marin failed to intervene just like the Defendants who are the subject of Count 2 (in fact, page 11 of Plaintiff's response addresses Counts 2 and 3 together). However, as discussed in the preceding section, Plaintiff has failed to state a § 1983 claim based on any failure to intervene. At any rate, by not alleging – in any manner – personal participation or a causal connection, Plaintiff has failed to adequately allege supervisory liability as to Sergeant Marin.

**D. COUNT 4**

Count 4 seeks to impose liability against Defendants under § 1983 for intentionally including false statements in a police report.[7] Specifically, Plaintiff alleges, *inter alia*, that Defendants lied on the police report by stating that they were unable to determine who the primary aggressor was when Defendants knew that the primary aggressor was Plaintiff's wife. *See* [DE 10] ¶¶ 67-68.

Assuming that Defendants intentionally falsified the police report as alleged in the Amended Complaint, Defendants are nevertheless correct that "the filing of a false police report

---

[7] Count 4 also purports to allege the fabrication of evidence. However, the Amended Complaint does not include factual allegations indicating that Defendants fabricated any particular evidence.

is not itself a constitutional violation." *Jones v. Gordon*, No. 6:21-CV-1251-WWB-LRH, 2021 WL 4465194, at *2 (M.D. Fla. Aug. 16, 2021) (quoting *Jarrett v. Township of Bensalem*, 312 F. App'x 505, 507 (3d Cir. 2009)); *see also Burns v. Femiani*, 786 F. App'x 375, 380 (3d Cir. 2019); *Landrigan v. City of Warwick*, 628 F.2d 736, 744 (1st Cir. 1980); *Edwards v. Zeese*, No. 1:13-CV-29 WLS, 2013 WL 1833271, at *3 (M.D. Ga. May 1, 2013). In his response, Plaintiff relies on a Second Circuit decision, *Zahrey v. Coffey*, 221 F.3d 342 (2d Cir. 2000). As Plaintiff notes, in *Zahrey*, the court recognized "that a constitutional right exists not to be deprived of liberty on the basis of false evidence fabricated by a government officer." *Id.* at 355.

Here, however, notwithstanding Plaintiff's contention to the contrary, the Amended Complaint does not include any allegations showing that the alleged false police report has been used to deprive Plaintiff of liberty (or any other constitutional right). For instance, the false police report did not lead to Plaintiff's arrest and prosecution – Plaintiff was neither arrested nor prosecuted as a result of the incident. *Cf. Howard v. Gee*, 538 F. App'x 884, 888 (11th Cir. 2013) ("Viewing the facts in the light most favorable to Howard, Deputy Highsmith violated Howard's Fourth Amendments rights by filing a false incident report that led to Howard's arrest and prosecution."); *see also Green v. Cunningham*, No. CV418-210, 2018 WL 6310269, at *3 (S.D. Ga. Dec. 3, 2018), *report and recommendation adopted*, 2019 WL 136991 (S.D. Ga. Jan. 7, 2019) ("Plaintiff has not provided anything in his Complaint stating that the police report was used against him as the basis for a false criminal charge.").

In arguing that a deprivation of liberty occurred, Plaintiff asserts that "[t]he liberty deprivation is the nearly seven months that [] Plaintiff was placed under a domestic violence injunction . . . ." [DE 25] at 13. However, Plaintiff acknowledges in his response that the police report was not used against him in court; he contends that the report has not been used in family

court because his wife has not had a chance to do so yet. *See id.* at 12. Moreover, even if the report were to be used against Plaintiff in family court (which Plaintiff plainly acknowledges has not occurred), Plaintiff fails to explain how such use in family court – as opposed to a criminal prosecution – would deprive Plaintiff of liberty.

At any rate, the Amended Complaint does not allege that the false police report was actually used against Plaintiff in any manner. One analogous Third Circuit case is instructive. *See Lee v. City of Phila.*, 627 F. App'x 175 (3d Cir. 2015). In *Lee*, the plaintiff filed a § 1983 action alleging that police responding to a domestic dispute at his home improperly sided with his wife and filed a police report that falsely identified him as the offender. *Id.* at 176. The court rejected his claim on the basis of the alleged false police report, explaining that the plaintiff did not claim the report was used against him in any proceedings and that "the mere existence of such a report does not deprive a person of a constitutional right." *Id.* at 177. Succinctly, Count 4 of the Amended Complaint in this case should be dismissed for the same reason.

**E. COUNT 5**

The title of Count 5 of the Amended Complaint indicates it is pursuing a claim under § 1983, as well as 42 U.S.C. § 1985(3), and 42 U.S.C. § 1986. However, based on the parties' briefing, Count 5 appears to be limited to asserting a claim under § 1985(3), particularly given that Plaintiff does not discuss § 1983 or § 1986 in the portion of his response addressing Count 5. *See* [DE 25] at 14-15.[8] As discussed herein, Plaintiff has failed to state a claim under § 1985(3).

"Conspiracy to interfere with civil rights occurs when two persons conspire to prevent another person from performing their duties or deprive them of their rights or privileges." *Edwards*

[8] Moreover, the wrongdoing alleged in Count 5 is already the subject of the § 1983 claims brought in various other counts of the Amended Complaint. So to the extent Count V is seeking the imposition of liability under § 1983, it would be duplicative.

*v. Dothan City Sch.*, 82 F.4th 1306, 1312 (11th Cir. 2023) (citing 42 U.S.C. § 1985). "Section 1985(3) provides a cause of action for victims of a conspiracy whose 'purpose' is to 'depriv[e], either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.'" *Chua v. Ekonomou*, 1 F.4th 948, 955 (11th Cir. 2021) (quoting § 1985(3)). To violate § 1985(3), a defendant must have

> (1) conspired or gone in disguise on the highway or on the premises of another, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) taken or caused an action to be taken in furtherance of the conspiracy's object, and (4) injured an individual's person or property or deprived her of exercising any right or privilege of a United States citizen.

*Dean v. Warren*, 12 F.4th 1248, 1255 n.8 (11th Cir. 2021) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971)).

Thus, among other things, "[a] plaintiff seeking recourse under § 1985(3) must allege that the defendant had a 'class-based, invidiously discriminatory animus behind the defendant's action taken in furtherance of the conspiracy.'" *Edwards*, 82 F.4th at 1312 (quoting *Dean*, 12 F.4th at 1255); *see also Chua*, 1 F.4th at 955 ("A claim under [§ 1985(3)] requires the plaintiff to show that the conspiracy was motivated by 'racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" (quoting *Griffin*, 403 U.S. at 102)). "That animus standard requires that the defendant proceeded on his course of conduct 'because of, not merely in spite of, its adverse effects upon an identifiable group.'" *Dean*, 12 F.4th at 1255 (quoting *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 271-72 (1993)).

In the Motion, Defendants argue that Plaintiff has not alleged facts in the Amended Complaint to establish any class-based discriminatory animus. Though Plaintiff's response is somewhat unclear, Plaintiff appears to argue that § 1985(3) is unclear as to whether it requires class-based discrimination, but that even assuming it does, Plaintiff has alleged such class-based

discrimination. *See* [DE 25] at 14. As an initial matter, the Supreme Court has explained that the language in § 1985(3) "requiring intent to deprive of *equal* protection, or *equal* privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Dean*, 12 F.4th at 1257 (quoting *Griffin*, 403 U.S. at 102); *see also Bray*, 506 U.S. at 268-69. And Plaintiff has not alleged any racial or class-based discrimination. Although Plaintiff does "contend[] that his complaint does show class based discriminatory animus," [DE 25] at 14, Plaintiff does not point to any allegations in the Amended Complaint to back up this contention; nor does he explain how he has adequately alleged such discriminatory animus.[9] Plaintiff's failure to allege that Defendants "discriminated against [him] under a 'class-based, invidiously discriminatory animus' prevent[s] [him] from seeking recourse under § 1985(3)." *Edwards*, 82 F.4th at 1313. Accordingly, Count 5 should be dismissed.

**F. COUNT 6**

Count 6 is styled as a Fourth Amendment "continuing seizure" claim. Therein, Plaintiff alleges that he "suffered pretrial deprivation under the [Fourth] [A]mendment" and that his "'fair trial' rights were violated when [Defendants] did not disclose exculpatory evidence that would and could have exonerated" him. [DE 10] ¶ 96. Plaintiff alleges that he was "continually seized" during the roughly seven-month period that the domestic violence proceedings his wife commenced against him were pending. *Id.* ¶¶ 96, 98. And in his response, Plaintiff argues that the seizure that occurred was Plaintiff being "place[d] under the coerced and falsified restraint [sic] order" during the pendency of the domestic violence proceedings. [DE 25] at 16.

---

[9] As noted above, Plaintiff does allege in Count 1 that Defendants discriminated against him because he is male. However, he includes no such allegations in Count 5 of the Amended Complaint. Regardless, even if he had included the same allegations as in Count 1, such conclusory allegations alone would not plausibly allege the requisite class-based discriminatory animus.

However, as Defendants argue in the Motion, the Amended Complaint fails to allege that Plaintiff was actually "seized," and it does not allege facts to plausibly establish that Defendants somehow violated Plaintiff's right to a fair trial.[10] Significantly, Plaintiff does not allege that he was arrested or that Defendants restrained his freedom of movement. *Cf. Knight through Kerr v. Miami-Dade Cnty.*, 856 F.3d 795, 822 (11th Cir. 2017) ("Under the Fourth Amendment, a person is seized only when, by means of physical force or a show of authority, his freedom of movement is restrained so that, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." (internal quotation marks and citations omitted)). Rather, what Plaintiff seems to be alleging is that Defendants' actions caused his wife to seek (and, at least temporarily, obtain) a restraining order against him on false grounds. Accepting that as true, the fact remains that Defendants never arrested or otherwise seized Plaintiff in the first place. Therefore, Count 6 must be dismissed.

**G. COUNT 7**

In Count 7, Plaintiff brings a claim premised upon Defendants' alleged use of excessive force. While the Amended Complaint includes conclusory allegations of excessive force, *see* [DE 10] ¶ 107, it fails to include a single factual allegation showing that Defendants used *any force* whatsoever against Plaintiff. Thus, Count 7 plainly fails and should be dismissed.

**H. COUNT 8**

In Count 8, Plaintiff alleges that Defendants improperly and "intentionally initiated [a] prosecution for domestic violence" against Plaintiff through Plaintiff's wife. [DE 10] ¶ 117. The proceeding terminated in Plaintiff's favor. *Id.* ¶ 118. Consequently, Plaintiff asserts a § 1983

---

[10] To the extent that Plaintiff is alleging that the failure to disclose exculpatory evidence somehow violated his right to a fair trial, he does not explain how that is so. And it is unclear how any such constitutional violation could exist given that Plaintiff was never criminally prosecuted.

claim for malicious prosecution based on an alleged violation of his Fourteenth Amendment rights. However, Plaintiff has failed to state a claim upon which relief can be granted.

The Supreme Court has recognized a claim under § 1983 for "malicious prosecution" as being based on the Fourth Amendment – a claim sometimes described as "unreasonable seizure pursuant to legal process." *Thompson v. Clark*, 596 U.S. 36, 42 (2022). The Fourth Amendment prohibits unreasonable seizures. *Sylvester v. Fulton Cnty. Jail*, 94 F.4th 1324, 1329 (11th Cir. 2024). "That prohibition extends to state and municipal officials . . . through the Fourteenth Amendment's Due Process Clause." *Id.* To prevail on a Fourth Amendment malicious prosecution claim, a plaintiff must prove both "(1) the elements of the common-law tort of malicious prosecution and (2) a violation of his Fourth Amendment right to be free from unreasonable seizures." *Butler v. Smith*, 85 F.4th 1102, 1111 (11th Cir. 2023) (quoting *Blue v. Lopez*, 901 F.3d 1352, 1357 (11th Cir. 2018)). Thus, Plaintiff must plausibly allege the following six elements:

> (1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; [] (4) caused damage to the plaintiff accused[;] . . . (5) that the legal process justifying [his] seizure was constitutionally infirm and (6) that [his] seizure would not otherwise be justified without legal process.

*Id.* at 1111-12 (internal citations and quotation marks omitted).

Defendants correctly argue that Plaintiff has failed to allege such a claim. As they note in the Motion, the only legal proceeding that the Amended Complaint alleges was commenced against Plaintiff was a domestic violence proceeding initiated by Plaintiff's wife. Significantly, Plaintiff has not alleged that any criminal prosecution was instituted or continued against him, and as discussed above (regarding Count 6), Plaintiff has failed to adequately allege that he was "seized" by Defendants in any manner. Therefore, Count 8 must be dismissed.

**I. COUNT 9**

In Count 9, Plaintiff alleges that Defendants violated Plaintiff's due process rights under the Fourteenth Amendment by refusing to allow Plaintiff to press charges and by refusing to arrest Plaintiff's wife for the battery she committed against Plaintiff. [DE 10] ¶¶ 122-24. However, citizens "do not have a constitutional right to have police officers arrest another citizen." *Quire v. Miramar Police Dep't*, 595 F. App'x 883, 886 (11th Cir. 2014).[11] In fact, the Supreme Court has explicitly stated that "the benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations." *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 768 (2005).

Notwithstanding the foregoing, Plaintiff does appear to attempt to allege around the fact that an officer's failure to arrest will generally not give rise to § 1983 liability. Plaintiff does so by alleging that Defendants "enhanced the level of danger" and "created a new level of danger" by not arresting his wife and by instead encouraging her to seek a restraining order. [DE 10] ¶¶

---

[11] *See also Burella v. City of Phila.*, 501 F.3d 134, 149-50 (3d Cir. 2007) ("[T]he officers' failure to arrest her husband, or to handle her complaints more competently, did not violate her constitutional right to due process or equal protection of the law."); *Hudson v. Hudson*, 475 F.3d 741, 746 (6th Cir. 2007) ("The officers' failure to arrest Hudson offends neither the procedural nor substantive prongs of the Fourteenth Amendment's Due Process Clause."); *Kneipp v. Tedder*, 95 F.3d 1199, 1210 (3d Cir. 1996) ("[T]he failure to arrest Samantha would not give rise to a constitutional claim . . . ."); *Harder v. Hunter*, No. 3:12-CV-799-J-32JBT, 2013 WL 5567327, at *2 (M.D. Fla. Oct. 9, 2013), *aff'd*, 572 F. App'x 904 (11th Cir. 2014) ("Plaintiff has not alleged a constitutional right of which he was deprived. Plaintiff alleges that his civil rights were violated by the Sheriff's failure to arrest the individual and uphold the laws of Florida. Protection under the Due Process Clause is not offered to a party who might benefit from having someone else arrested for a crime."); *Mitchell v. Mitchell*, No. 1:07-CV-2769-ODE, 2007 WL 4289666, at *2 (N.D. Ga. Nov. 30, 2007) ("The act of arresting an individual is a discretionary one, and a police officer's failure to arrest someone does not create a federal cause of action." (citing *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1266 (11th Cir. 2001)); *Crenshaw v. City of Defuniak Springs*, 891 F. Supp. 1548, 1555 (N.D. Fla. 1995) ("The failure of city police to arrest or prosecute Bryan also does not constitute a violation of Section 1983.").

123-24. In other words, Plaintiff seems to imply that Defendants' actions caused a special danger or state-created danger.

However – even putting aside Plaintiff's failure to plausibly allege a special or state-created danger – "the 'special relationship' and 'special danger' doctrines . . . are no longer good law" in the Eleventh Circuit. *White v. Lemacks*, 183 F.3d 1253, 1259 (11th Cir. 1999); *see also Waddell v. Hendry Cnty. Sheriff's Off.*, 329 F.3d 1300, 1305 (11th Cir. 2003) (finding "that the 'special relationship' and 'special danger' doctrines" have been superseded); *Vaughn v. City of Athens*, 176 F. App'x 974, 976 n.1 (11th Cir. 2006) ("[T]his Court has written that the 'special relationship' and 'state created danger' doctrines no longer are valid."). "[O]nly custodial relationships automatically give rise to a governmental duty, under substantive due process, to protect persons from harm by third parties." *Perez-Guerrero v. U.S. Atty. Gen.*, 717 F.3d 1224, 1233 (11th Cir. 2013) (quoting *Doe v. Braddy*, 673 F.3d 1313, 1318 (11th Cir. 2012)). Absent a custodial relationship, which is plainly not present here, "state officials can violate the plaintiff's substantive due process rights only when the officials cause harm by engaging in conduct that is 'arbitrary, or conscience shocking, in a constitutional sense.'" *Id.* at 1234 (quoting *Braddy*, 673 F.3d at 1318) (cleaned up); *see also Waddell*, 329 F.3d at 1305 ("[C]onduct by a government actor will rise to the level of a substantive due process violation only if the act can be characterized as arbitrary or conscience shocking in a constitutional sense." (citing *Collins v. City of Harker Heights, Tex.*, 112 S. Ct. 1061, 1070 (1992))). But here, no such conduct has been alleged (plausibly or otherwise). Therefore, Count 9 should be dismissed.

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that the Motion [DE 19] be **GRANTED IN PART and DENIED IN PART**. Counts 2-9 of the Amended Complaint should be **DISMISSED**, but the Motion should be denied as to Count 1.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Roy K. Altman, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 16th day of May 2024.

Jared Strauss

**Jared M. Strauss**
**United States Magistrate Judge**